Mengers-O'Brien v. Oyster Riv Sch Dis CV-95-402-SD  12/22/98
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Jennifer Mengers-O'Brien;
Tamara Milne;
Cynthia Thomas


_____v.                                    Civil No. 95-402-SD


Oyster River Cooperative
 School District


O R D E R

This order addresses the issues raised by certain pretrial motions.


1.  Defendant's Motion In Limine to Exclude Opening Statements that Plaintiffs are Entitled to Enhanced Compensatory Damages, document 102

By this motion, defendant seeks to preclude plaintiffs from making reference in their opening statements to any claims of entitlement to enhanced compensatory damages.  By their response to the motion, plaintiffs agree that they will not make any such referral in opening statements, but argue that they are entitled to put in evidence concerning the issue and that the court should then rule on same at the close of the evidence.  Document 113.

The remaining issues in this case are confined to state-law claims of negligence.  New Hampshire, the substantive law of which here applies, has statutorily outlawed punitive damages.  New Hampshire Revised Statutes Annotated (RSA) 507:16; 507-B:4, II.[1]  However, its courts have judicially created a category of enhanced compensatory damages, the prerequisites of which are that the challenged conduct be oppressive, wanton, or malicious.  Aubert v. Aubert, 129 N.H. 422, 431, 529 A.2d 909, 914 (1987).

Defendant argues that in previously ruling that defendant did not act with deliberate indifference, the court has definitively ruled out the issue of enhanced compensatory damages.  The court disagrees with this argument, but with respect to the instant motion, will allow same insofar as ruling that no reference to such damages is to be made in the opening statement.  The court, however, will reserve its ruling as to whether plaintiffs are entitled to claim enhanced compensatory damages until it has heard all of the evidence in the case.[2]

---

[1]RSA 507:16 bars any award of punitive damages "unless otherwise provided by statute."  RSA 507-B:4, II, bars awards of punitive damages "against a governmental unit for bodily injury, personal injury or property damage."

[2]As of this writing, the court is dubious as to whether enhanced compensatory damages are available against a school district, having in mind Justice Blackmun's warning that

> punitive damages imposed on a municipality are in effect a windfall to a fully compensated plaintiff, and are likely accompanied by an

## 2. Defendants' Motion In Limine to Strike Portions of Testimony of Plaintiffs' Liability Expert, document 105

By this motion, defendant seeks to bar opinions of Cheryl Dick, plaintiffs' liability expert, which (1) are based on her experiences in schools after 1993; (2) are based on standards in existence after 1993; and (3) are based on studies or surveys conducted after 1993. Plaintiffs object. Document 114.

Wholly apart from the fact that plaintiffs contend that some of the incidents on which they rely occurred in 1994, plaintiffs correctly point out that the scope of an expert's testimony may be based on expertise and information acquired by the expert as of the time of trial. Forbro Design Corp. v. Raytheon Co., 532 F.2d 758, 762 (1st Cir. 1976). However, with respect to the Office for Civil Rights Guidance (OCRG), those administrative regulations were rejected in Gebser v. Lago Vista Indep. School Dist., ___ U.S. ___, ___, 118 S. Ct. 1989, 2000 (1998), the case upon which the court relied in rejecting the claims of the plaintiffs of any right to recovery under Title IX, 20 U.S.C. § 1681, et seq.

---

increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of blameless or unknowing taxpayers.

Newport v. Fact Concerts, Inc., 453 U.S. 247, 267 (1981) (footnote omitted).

It follows that the motion must be denied insofar as it seeks to strike the testimony of plaintiffs' liability expert as outlined, but that it must be granted with respect to any reliance by said expert on the OCRG, as such, the court finds, is not properly before the jury in this trial.

3. Defendant's Motion In Limine to Exclude Testimony Referencing Allegations of Sexual Harassment and Other "Disruptive" Behavior on Non-Middle School Property During Non-School Hours, document 112

Plaintiffs, whose claims are grounded on alleged inappropriate sexual contact of a fellow student while they were in grammar or middle school, have advised they do not object to this motion.[3] Plaintiffs, however, feel that defendant should similarly be barred from attempting to introduce incidents of "disruptive" behavior of the same type, and the court accordingly grants the motion, but rules that "disruptive" behavior on non-middle-school property and during non-school hours will not be permitted in behalf of any of the parties.

_____

[3]Plaintiffs' counsel so stated at the final pretrial on December 21, 1998.

4

## 4. Conclusion

The court having ruled on all motions pending to this point in the proceedings, it now appears that the case can go forward to final disposition by medium of jury trial, with jury selection to commence as scheduled on Tuesday, January 5, 1999.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 22, 1998

cc:  All Counsel